# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KELLY,<br><br>        Plaintiff,<br><br>v.<br><br>ULIT, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00367-SKO (PC)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**CLERK TO ASSIGN A DISTRICT JUDGE** |

      Plaintiff, James Kelly, a state prisoner is proceeding *pro se* and *in forma pauperis* in this action under to 42 U.S.C. § 1983. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

      In the Complaint, Plaintiff checked the lines on the form complaint indicating that administrative remedies are available at the institution and that he has filed a grievance on the

1

facts alleged in this action. (Doc. 1, p. 2.) However, as to whether the process was completed, Plaintiff checked the line for "No" and explained that, "It's just not finished at its (sic) Institutional Grievance Level." (*Id.*) This is an insufficient explanation for not completing the entire administrative remedy process before filing suit. It appears Plaintiff filed suit prematurely, without first exhausting available administrative remedies in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to non-exhaustion is a valid ground for dismissal. . . .").

Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** from the date of service of this order why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit; alternatively within that same deadline Plaintiff may file a notice of voluntary dismissal.[1] The Clerk of the Court is directed to assign a District Judge to this action. **Plaintiff is warned that failure to timely respond to this order will result in recommendation that this action be dismissed for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated: __**March 22, 2018**__     /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[1] Nothing in this order prohibits Plaintiff from filing a new action after he has completed the administrative remedy process on his claims.