# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JAMES KELLY,

        Plaintiff,

  v.

Dr. ULIT, et al.,

        Defendants.

**Case No. 1:18-cv-00367-LJO-SKO (PC)**

**ORDER CLOSING THE CASE DUE TO VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND DENYING PLAINTIFF'S REQUEST FOR RELIEF OF OBLIGATION TO PAYFILING FEE**

**(Doc. 6)**

Plaintiff, James Kelly, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On April 23, 2018, Plaintiff filed a request to voluntarily withdraw this action without prejudice and to be relieved of his obligation to pay the statutory filing fee. (Doc. 6.) Although not stated in Plaintiff's request, the Court construes Plaintiff's request as a request for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(i).

In *Wilson v. City of San Jose*, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing *Hamilton v. Shearson-Lehman American Express*, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. *Id.* The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. *Id.*; *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. *Concha*, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. *Id.* (citing *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had

been brought. *Id.*

*Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Neither answers to Plaintiff's Complaint, nor motions for summary judgment have been filed in this case and it appears that no such answers or summary judgment motions have been served. Because Plaintiff has exercised his right to voluntarily dismiss the complaint under Rule 41(a)(1), this case has terminated. *See Wilson*, 111 F.3d at 692.

However, Plaintiff's request to be relieved of his obligation to pay the statutory filing fee cannot be granted. "Filing fees are part of the costs of litigation." *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998). Prisoner cases are no exception. *See Slaughter v. Carey*, No. 2:03-cv-00851-MCE-DAD (PC), 2007 WL 1865501 (E.D. Cal. June 28, 2007). The Prison Litigation Reform Act has no provision for return of fees that are partially paid or for cancellation of the remaining fee. *See Goins v. Decaro*, 241 F.3d 260, 261-62 (2d Cir. 2001) (inmates who proceeded *pro se* and *in forma pauperis* were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals). In fact, "[a] congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Goins*, 241 F.3d at 261. Accordingly, Plaintiff is not entitled to reimbursement of his filing fee under the circumstances set forth above.

Since this case has terminated pursuant to Plaintiff's request to voluntarily dismiss this action in accordance with Rule 41(a)(1)(i), the Clerk is ordered to close this case. Plaintiff's request to be relieved from his obligation to pay the statutory filing fee, however, is DENIED.

IT IS SO ORDERED.

Dated: __**April 25, 2018**__                    /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE